IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **JAMES JOSEPH WILSON,** Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 2:22-CR-00046-DAK Judge Dale A. Kimball |

This matter is before the court on James Wilson's ("Defendant") Motion in Limine. [ECF No. 262] After considering the briefs and materials submitted by the parties, the court issues the following Memorandum Decision and Order.

## DISCUSSION

Defendant anticipates that the Government may attempt to introduce evidence of his prior convictions pursuant to Federal Rule of Evidence 609, and he objects to the admission of these convictions should he choose to testify. Specifically, on September 1, 2004, Defendant pleaded guilty to Bank Robbery by Force, a violation of 18 U.S.C. § 2113, for which he was sentenced on January 13, 2005, and received a sentence of 188 months. Defendant was released from federal custody on December 30, 2019. On July 1, 2021, Defendant's supervised release was revoked and reinstated for a term of 18 months. On February 9, 2022, a federal grand jury returned a five-count Indictment against Defendant charging: Two violations of 21 U.S.C. §841(a)(1) for Possession of Methamphetamine with the Intent to Distribute (Counts 1 & 3) and Possession of Heroin with Intent to Distribute (Count 2); One violation of 18 U.S.C. § 924(c) for Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 4); and One

violation of 18 U.S.C. § 922(g)(1) for Felon in Possession of a Firearm (Count 5). At the time, Defendant was still on supervised release for his Bank Robbery by Force conviction.

Federal Rule of Evidence 609(a)(1)(B) allows a court to admit, for impeachment purposes, evidence of a criminal defendant's prior felony convictions when less than ten years have passed since release and "the probative value of the evidence outweighs its prejudicial effect to that defendant." Courts consider the following factors in weighing this balancing test: (1) the impeachment value of defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir 2014).

Defendant argues that a review of these five factors shows that impeachment under Rule 609 is improper. The court agrees. First, the impeachment value of this crime is minimal, as it does not rest on dishonest conduct. Second, these offenses were committed over twenty years ago, and therefore do not render Defendant's present testimony less truthful or credible. Third, the offenses Defendant is currently being charged with, drug dealing and gun possession, are markedly different than his conviction for bank robbery. Thus, the majority of the *Smalls* factors fall in Defendant's favor, and evidence of his prior conviction for Bank Robbery by Force, a violation of 18 U.S.C. § 2113, should be excluded.

## CONCLUSION

The court GRANTS Defendant's Motion to Exclude Use of Prior Convictions. The court also DENIES Defendant's Motion for a *FRANKS* Hearing [ECF No. 59], as the parties stipulated to its denial.

DATED this 8th day of May 2024.

                              BY THE COURT:

                              *[signature]*

                              DALE A. KIMBALL

                              United States District Judge